```
                                                          USDC SDNY
                                                          DOCUMENT
UNITED STATES DISTRICT COURT                              ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                             DOC #:
------------------------------------------------------ X  DATE FILED:    7/21/2020
   UNITED STATES OF AMERICA,                      :
                                                  :
          -against-                               :          17-CR-86 (VEC)
                                                  :
   MICHAEL SCHLISSER,                             :             ORDER
                                                  :
                               Defendant.         :
------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on June 18, 2020, Mr. Schlisser filed a motion for compassionate release

pursuant to 18 U.S.C. § 3582(c) (Dkt. 66);

WHEREAS on June 26, 2020, the Government opposed Defendant's motion for

compassionate release, and provided Mr. Schlisser's BOP medical records and disciplinary

records under seal (Dkt. 68);

WHEREAS the Court has received victim letters regarding Mr. Schlisser's motion for

compassionate release (Dkts. 69, 70);

WHEREAS on July 3, 2020, Mr. Schlisser submitted a reply letter in further support of

his motion for compassionate release (Dkt. 71); and

WHEREAS Mr. Schlisser has exhausted his administrative remedies as required by the

statute, 18 U.S.C. § 3582(c)(1)(A) (*see* Dkt. 66 at 1);

IT IS HEREBY ORDERED that Mr. Schlisser's motion for compassionate release is

DENIED.  He fails to demonstrate "extraordinary and compelling reasons" to reduce his

sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Schlisser has not shown that his health conditions

in combination with increased risks of contracting COVID-19 at Otisville warrant a reduction of

his sentence.  Although Otisville has experienced a COVID-19 outbreak, so have most

communities in New York; there is, in other words, no guarantee that Mr. Schlisser would be significantly less likely to contract COVID-19 outside a prison setting.  Moreover, Otisville quickly quarantined all inmates to contain the outbreak, took measures recommended by the CDC, and moved more vulnerable inmates, including Mr. Schlisser, from Otisville's minimum security camp, in which the outbreak occurred, to a quarantine unit in its higher security facility.[1]

Even if Mr. Schlisser had demonstrated extraordinary and compelling reasons, the Section 3553 factors would nonetheless counsel against his release.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider "the factors set forth in section 3353(a)").  Mr. Schlisser is a repeat offender who has stolen from vulnerable individuals by taking advantage of their trust.  The purposes of his original 84-month sentence would be seriously undermined by a two-thirds reduction of that sentence.

The Clerk of Court is respectfully directed to close docket entry 66.

**SO ORDERED.**

**Date:  July 21, 2020**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[1]     Mr. Schlisser, although purportedly concerned about the risk of contracting COVID in prison, does not appear to be taking Otisville's risk-reduction measures seriously.  He was written up for a disciplinary infraction for not wearing a mask during a religious service.  The Court takes his explanation—that he removed his mask only for a second to kiss the phylactery and did so with a prayer shawl over his head—with a large grain of salt.